

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,988-01

### EX PARTE AMBER VALANTINA AKERS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-12331-A IN THE 252ND DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to aggravated assault in exchange for deferred adjudication community supervision. She was later adjudicated guilty and sentenced to twenty years' imprisonment. The Fourteenth Court of Appeals affirmed her conviction. *Akers v. State*, No. 14-12-00422-CR (Tex. App. — Houston [14th Dist.] 2013) (not designated for publication).

Applicant contends, among other things,[1] that her appellate counsel rendered ineffective

---

[1]This Court has reviewed her other claims and finds them to be without merit.

assistance because appellate counsel deprived her of the opportunity to petition this Court for discretionary review. The record reflects that appellate counsel filed a petition for discretionary review on Applicant's behalf, but failed to accompany the original petition with eleven copies, as required by Rule 9.3(b) of the Texas Rules of Appellate Procedure. This Court struck the petition, giving Applicant 30 days to redraw and file the redrawn petition. However, no redrawn petition was ever filed, and the appellate mandate issued on September 13, 2013.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant of the disposition of her direct appeal, and that she has a right to file a *pro se* petition for discretionary review. In addition, the trial court shall make findings as to why appellate counsel failed to redraw and refile the petition for discretionary review. The trial court shall make findings as to whether Applicant was denied an opportunity to petition this Court for discretionary review as a result of appellate counsel's failure to file a petition in compliance with the Texas Rules of Appellate Procedure. The trial court shall also make any other

findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  October 3, 2018
Do not publish